Parker C. J.
delivered the opinion of the Court to the following effect. The commissioners object, that in the state m which this road was at the time when the statute went into operation, they had no jurisdiction in the case. They allege that the road did not come within the 4th section, which provides that they shall have power “to cause all roads located by them to be constructed and finished,” and it is true that this road was not located by them, but by the Court of Sessions, and so is not within those words. But in the next section it is said, that “ all roads laid out, but not worked, at the time this act takes effect, shall be subjected to the super-, vision and review of the commissioners aforesaid, and the said commissioners shall have all the powers, and the counties be subject to all the liabilities, in reference to such roads, as are provided for new roads by this act.” The legislature here had respect to roads located by the Court of Sessions, but not finished ; including as well those which had been partly worked, as those on which no work had been done, and thej meant to transfer all authority on the subject to the commissioners.
*73 In the case before us the petition to the commissioners was, not to supervise and review, but to finish working the road ; and it is made a question whether they have power to recon- . .... _ „ sider the expediency of laying it out. The statute, we think, manifestly intends that they shall have such power. If they shall deem it proper that the road be made as laid out, they can go on and finish it; if not, it may be discontinued.[1] The petition, though not asldng them to supervise and review the road, yet contains a request on a subject on which they had jurisdiction, and they ought to have taken cognizance of it. We shall therefore grant a mandamus, but not a peremptory one, and they can determine whether it is, or is not, expedient that the road should be completed, and make return of their doings on the mandamus, at the next term of this Court in the county of Hampden.

 See Springfield v. County Comm. of Hampden, 10 Pick. 59; Danvers v. County Comm of Essex, 6 Pick. SO.